UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| DANNY P. LANDRY and SUSAN R. LANDRY | CIVIL ACTION NO. 6:11-cv-0929 |
| VERSUS | JUDGE DOHERTY |
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, CUSA, LLC d/b/a EL EXPRESSO, CUSA EE, LLC d/b/a EL EXPRESSO, and FRANCISCO G. AVELLANEDA | MAGISTRATE JUDGE HANNA |

### *SUA SPONTE* JURISDICTIONAL BRIEFING ORDER

The plaintiffs in this lawsuit contend that this Court has jurisdiction over this action because the parties are diverse in citizenship and the amount in controversy exceeds the jurisdictional threshold of $75,000.

Federal district courts have subject matter jurisdiction over civil actions in which the amount in controversy exceeds $75,000 exclusive of interest and costs and the parties are citizens of different states.[1] The person seeking to invoke federal court jurisdiction has the burden of proof of demonstrating, at the outset of the litigation,

---

[1] 28 U.S.C.A. § 1332.

that the federal court has authority to hear the case.² Therefore, in this case, the plaintiffs have the burden of showing that federal jurisdiction exists.

The undersigned finds that, because this is a wrongful death lawsuit, the plaintiffs have established that the amount in controversy satisfies the jurisdictional threshold. But the undersigned also finds that the plaintiffs have not established that the parties to the lawsuit are diverse in citizenship.

The plaintiffs allege that they are citizens of Louisiana. They named four defendants, all of which must be diverse in citizenship from the plaintiffs in order for this court to have jurisdiction.

The first defendant is National Union Fire Insurance Company of Pittsburgh, Pa. The plaintiff alleges that National Union is not a Louisiana citizen. That is not sufficient. When jurisdiction is based on diversity, the citizenship of the parties must be distinctly and affirmatively alleged.³ A corporation is deemed to be a citizen of any state in which it is incorporated and any state where it has its principal place of business,⁴ but no information was provided concerning where National Union was organized or where it has its principal place of business. The undersigned finds,

---

² *St. Paul Reinsurance Co., Ltd. v. Greenburg*, 134 F.3d 1250, 1253 (5th Cir.1998).

³ *Mullins v. Testamerica Inc.*, 300 Fed. App'x 259, 259 (5th Cir. 2008).

⁴ 28 U.S.C. § 1332(c)(1).

therefore, that the plaintiffs have failed to establish in what state or states National Union is a citizen. The undersigned further notes that National Union is not entitled to claim its insured's citizenship because both National Union and its alleged insureds, El Expresso and/or Francisco G. Avellaneda, were sued in this lawsuit.[5] Accordingly, the undersigned cannot determine whether the plaintiffs are diverse in citizenship from National Union.

The second defendant is Francisco G. Avellaneda. He is alleged to be domiciled in Texas, which is sufficient to establish that the plaintiffs are diverse in citizenship from Mr. Avellaneda.

The third and fourth defendants are CUSA, LLC and CUSA EE, LLC. The plaintiffs allege that both of these are foreign corporations, but their names suggest that they are limited liability companies. If these are, in fact, corporations, the plaintiffs have the burden of establishing in which states they were incorporated and have their principal places of business. If they are limited liability companies, the plaintiffs have the burden of establishing the citizenship of each of their members.

A limited liability company is a citizen of every state in which any member of the company is a citizen,[6] and "the citizenship of a LLC is determined by the

---

[5] 28 U.S.C. § 1332(c)(1).

[6] See, *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).

citizenship of *all* of its members."[7] Therefore, the diversity analysis for a limited liability company requires a determination of the citizenship of every member of the company.[8] If any one of the members is not diverse, the limited liability company is not diverse. In this case, the plaintiffs have not presented evidence as to the citizenship of either of these defendant's members. The undersigned notes that these defendants filed corporate disclosure statements (Rec. Doc. 9 and 10) but the statements do not identify these companies' members or provide information concerning their citizenship. Therefore, the undersigned is unable to determine whether the parties are – or are not – diverse in citizenship.

The plaintiffs have pleaded insufficient facts to establish that the parties are diverse in citizenship. Therefore,

IT IS ORDERED that, not later than twenty-one days after the date of this order, the plaintiffs shall file a memorandum setting forth specific facts that support

---

[7] *Harvey v. Grey Wolf*, 542 F.3d at 1080. [Emphasis added.]

[8] See, *Harvey v. Grey Wolf*, 542 F.3d at 1080; *Grupo Dataflux v. Atlans Global Group, L.P.*, 541 U.S. 567, 585, n. 1 (2004) (noting that courts of appeal have held that the citizenship of each member of a limited liability company counts for diversity purposes); *Carden v. Arkoma Assocs.*, 494 U.S. 185, 196 (1990) (holding that the citizenship of an unincorporated entity or association is based upon the citizenship of all of its members); *Randolph v. Wyatt*, 2010 WL 299257, 1 (W.D. La. 2010); *Miracle Ear, Inc. v. Premier Hearing Aid Center, L.L.C.*, 2009 WL 5198183, 1 (W.D. La. 2009). See also *Lawson v. Chrysler LLC*, 2009 WL 961226, 2 (S.D. Miss. 2009) ("If the members are themselves partnerships, LLCs, corporations or other form of entity, their citizenship must be alleged in accordance with the rules applicable to that entity, and the citizenship must be traced through however many layers of members or partners there may be.")

a finding that the parties are diverse in citizenship. These facts should be supported with summary-judgment-type evidence. The defendants will then be allowed seven days to respond to the plaintiffs' memorandum.

Signed at Lafayette, Louisiana, this 18th day of August 2011.

Patrick J. Hanna
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)